IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LAKESHIA RASHAWN EDMOND** | § |
| | § |
| V. | § CIVIL ACTION NO. 4:25-CV-1130-P |
| | § |
| **REVEREND JAMES MURRY, SR., ET AL.** | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION RECOMMENDING DISMISSAL

On September 16, 2025, *pro se* Plaintiff Lakeshia Rashawn Edmond filed a Complaint [doc. 1] against multiple Defendants in the United States District Court for the Eastern District of Texas. Thereafter, on October 14, 2025, the case was transferred to this Court [doc. 5]. In her Complaint, Plaintiff acknowledges that she has been declared a vexatious litigant and has been previously ordered to pay sanctions. (Plaintiff's Complaint ("Pl.'s Compl.") at 1.) She claims, however, that such penalties are "forfeited due to the fraud of Exponential Management Group, its subsidiaries and financial institutions." (*Id*.) The Court strongly disagrees.

In *Murray v. Serafino*, Civil Action No. 4:23-cv-00683-P-BJ (N.D. Tex. Aug. 30, 2023), *rec. adopted*, (N.D. Tex. Oct. 4, 2023), Edmond, based upon her continual frequent filing of multiple lawsuits, was found to be a vexatious litigant and required "to seek leave of court by motion before she is permitted to file any additional complaints in this district." Edmond has not filed a motion seeking permission to file this lawsuit. Additionally, the Court notes that Edmond has not paid the $250.00 monetary sanctions that the Court ordered her to pay in Civil Action Nos. 4:24-cv-00388-O-BP, Civil Action No. 4:24-cv-00525-O-BP, Civil Action No. 4:24-cv-00805-O, and 4:24-cv-931-O, totaling $1,000. The docket in 4:24-cv-931-O [doc. 8] reflects that Edmond apparently attempted to pay this penalty but had insufficient funds. Plaintiff's pending Motion for Leave to Proceed *in forma pauperis* in this case [doc. 3] does not relieve her of her obligation to

1

pay the required penalty. Consequently, the Court **FINDS, CONCLUDES, and RECOMMENDS** that this case be **DISMISSED**.

In addition, the Court finds that the instant case is frivolous and continues Edmond's long history of vexatious litigation that the Court considers to be abusive, harassing, and wasteful of the Court's very limited judicial resources. The Court notes that, in addition to this suit, three other suits filed by Edmonds were also recently transferred to this Court from the United States District Court for the Eastern District of Texas. *See* Civil Action Nos. 4:25-cv-1121-O-BP, 4:25-CV-1122-Y, and 4:25-cv-1139-O-BP. Edmonds must stop this unrelenting pattern of filing frivolous lawsuits and unnecessarily and repeatedly wasting the Court's time. Accordingly, the Court **FINDS, CONCLUDES, and RECOMMENDS** that Edmond be ordered to pay an additional monetary sanction to the Court in the amount of **$250.00** in this case, which would increase the total amount of sanctions due to this Court from $1,000 to $1,250.

In addition, the Court **FINDS, CONCLUDES, and RECOMMENDS** that (1) Edmond's Complaint be **STRUCK** from the record and the case **CLOSED** due to Edmond's failure to seek permission to file it and for failing to pay the required sanctions and (2) **the Clerk be DIRECTED to not accept for filing any additional civil actions from Edmond (whether filed in this Court originally or transferred to this Court) that are not accompanied by (1) a motion for leave seeking permission to file the case and (2) payment of the outstanding sanctions**.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 5, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 22, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE